UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

CRP LMC PROP CO. L.L.C. d/b/a
LAUDERDALE MARINE CENTER,

    Plaintiff,

v.

M/Y *KOPKAPY*, a 2006 model 80' Azimut motor yacht marked with Hull Identification Number AZI80052D606 and registered in St. Vincent and the Grenadines with Official Number 40952, her engines, tackle, furniture, furnishings, personal watercraft, tenders, and appurtenances, *in rem,* and TE EMO MARINE, LTD., a foreign corporation, *in personam,*

    Defendants.
_____/

## **VERIFIED COMPLAINT**

    Plaintiff, CRP LMC PROP CO. L.L.C. d/b/a LAUDERDALE MARINE CENTER, sues *in rem* Defendant, M/Y *KOPKAPY*, a 2006 model 80' Azimut motor yacht marked with Hull Identification Number AZI80052D606, registered in St. Vincent and the Grenadines under Official Number 40952, her engines, tackle, furniture, furnishings, personal watercraft, tenders and appurtenances, and *in personam* Defendant, TE EMO MARINE, LTD., and alleges:

    1.    Plaintiff, CRP LMC PROP CO., L.L.C. d/b/a Lauderdale Marine Center (hereinafter "LMC" or "Plaintiff"), brings a maritime lien foreclosure action under Title 46 U.S.C. § 31342 to collect money owed for *necessaries* provided to the *in rem* Defendant, M/Y *KOPKAPY*.

2. In addition, LMC asserts a contract action against Defendant, Te Emo Marine, Ltd., to recover damages for Defendant's breach of a Boat Handling, Dockage & Storage Agreement for M/Y *KOPKAPY*.

3. Title 28 U.S.C. § 1331 provides subject matter jurisdiction to this Court because Plaintiff's maritime lien foreclosure action involves a federal question under Title 46 U.S.C. § 31342.

4. Title 28 U.S.C. § 1333 grants subject matter jurisdiction to this Court because Plaintiff's claim for breach of a maritime contract involves services provided to a vessel and involves maritime commerce.

5. *In rem* Defendant, M/Y *KOPKAPY*, is a "vessel" under Title 1 U.S.C. § 3.

6. LMC invokes Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and E to foreclose its preferred maritime *necessaries* lien against the *in rem* Defendant, M/Y *KOPKAPY*.

7. LMC invokes Supplemental Admiralty Rules B and E to obtain *quasi in rem* jurisdiction over Defendant, Te Emo Marine, Ltd.

8. LMC is a Delaware limited liability company authorized to transact business in the State of Florida.

9. LMC provides boat handling, dockage, dry storage, utilities, and other services to recreational boats and yachts.

10. Boat handling, dockage, dry storage and utilities (water, electricity) provided to M/Y *KOPKAPY* are deemed "*necessaries*" under the general maritime law and Title 46 U.S.C. § 31342.

11. At all times material, *in rem* Defendant, M/Y *KOPKAPY,* is a 2006 model 80' Azimut motor yacht marked with Hull Identification Number AZI80052D606 and registered, upon information and belief, in St. Vincent and the Grenadines with Official Number 40952 (hereinafter "Vessel" or "*KOPKAPY*").

12. For purposes of the maritime lien foreclosure action, the Vessel includes her engines, tackle, furniture, furnishings, personal watercraft, tenders and appurtenances.

13. The Vessel is currently within the territory of the United States District Court for the Southern District of Florida and will remain so during the pendency of this action. The Vessel is located at Plaintiff's marina in Fort Lauderdale, Florida.

14. At all material times, *in personam* Defendant, Te Emo Marine, Ltd. ("Te Emo Marine"), is believed to be a foreign company with its principal place of business located at Privada de Primaveras 14, Mexico City, Mexico 05100.

15. At all material times, upon information and belief, Te Emo Marine, Ltd. is the legal owner of M/Y *KOPKAPY*.

16. At all material times, Captain Omar Aviles ("Aviles") was and is the actual or apparent agent for Te Emo Marine and the Vessel. See ¶ 1 of the Boat Handling, Dockage & Storage Agreement and the signature block on the first page showing Captain Aviles is a duly authorized representative of the owner, which is attached hereto as Exhibit "A".

17. At all material times, Te Emo Marime authorized Captain Aviles to procure *necessaries* for the Vessel from the Plaintiff. See *Id.*

18. On July 25, 2019, Captain Aviles, as Te Emo Marine's representative, signed a "Boat Handling, Dockage & Storage Agreement" ("Agreement") to procure *necessaries* for the

3

Vessel from the Plaintiff. A copy of the Boat Handling, Dockage & Storage Agreement is attached hereto as Exhibit "A".

19. Of particular importance, Te Emo Marine contractually stipulated to the following:

    a.    All work, services and supplies that LMC provided to the Vessel are "*necessaries*";

    b.    LMC has a preferred maritime lien against the Vessel for all work, services and supplies provided;

    c.    LMC has the statutory right under 46 U.S.C. § 31301 *et. seq.* to sue the Vessel *in rem* to foreclose its maritime lien; and

    d.    LMC can recover its attorneys' fees and litigation expenses from the Owner, Te Emo Marine, through a Supplemental Admiralty Rule B attachment of the Vessel.

See ¶¶ 28 and 29 of the Boat Handling, Dockage & Storage Agreement attached hereto as Exhibit "A".

20. LMC provided "*necessaries*" to the Vessel as shown by the attached statement and invoices, Composite Exhibit "B".

21. LMC submitted a statement and invoices to Te Emo Marine but it has not paid for the *necessaries*. See Composite Exhibit "B".

22. LMC is owed the sum of Fifty-Two Thousand Five Hundred Seventy and 02/100 Dollars ($52,570.02) for *necessaries* it provided to the Vessel up through November 30, 2019 and the amount continues to increase. See Composite Exhibit "B".

23. LMC is entitled to recover pre-judgment interest at the rate of 18% per year (1.5% per month). See ¶ 28 of the Boat Handling, Dockage & Storage Agreement attached hereto as Exhibit "A".

24. LMC is also entitled to recover all expenses, including attorneys' fees, court costs, collection charges and fees incurred in enforcing the Agreement. See *Id*.

25. LMC made several demands on Te Emo Marine to pay the outstanding charges for *necessaries* provided to the Vessel but the Owner failed to pay the invoices, which are attached hereto as Composite Exhibit "B".

26. LMC has a preferred maritime *necessaries* lien against M/Y *KOPKAPY* pursuant to Title 46 U.S.C. § 31342 and has a priority over any mortgage interest in this foreign flagged vessel. See ¶¶ 1 and 29 of Exhibit "A".

27. LMC is entitled to foreclose its maritime *necessaries* lien on the Vessel to recover damages for the unpaid invoices pursuant to Title 46 U.S.C. § 31342. Te Emo Marine acknowledged LMC'S maritime lien rights under ¶ 29 of the Boat Handling, Dockage & Storage Agreement. See Exhibit "A".

**COUNT I**
***NECESSARIES* LIEN FORECLOSURE ACTION
PURSUANT TO TITLE 46 U.S.C. § 31301, *et, seq.***

28. LMC re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. LMC has a preferred maritime *necessaries* lien against the Vessel pursuant to Title 46 U.S.C. § 31342 of the Commercial Instruments and Maritime Liens Act. See ¶¶ 1 and 29 of Exhibit "A"; and the invoices attached as Composite Exhibit "B".

30. LMC's preferred maritime *necessaries* lien is in the amount of $52,570.02 or such

5

other amount as may be determined by the Court. See Composite Exhibit "B" attached hereto.

31. Title 46 U.S.C. § 31342 provides LMC a statutory cause of action to foreclose its maritime *necessaries* lien against the Vessel through this *in rem* action. See ¶¶ 1 and 28 of Exhibit "A".

32. In addition to recovering the amount due for *necessaries*, LMC is entitled to recover court costs, including *custodia legis* expenses (e.g. U.S. Marshal's fees/expenses and the substitute custodian's fees and expenses). See ¶ 28 of Exhibit "A".

33. LMC is also entitled to recover pre-judgment interest at the rate of 18% per year on the outstanding balance under the terms of the Agreement. See ¶ 28 of Exhibit "A".

WHEREFORE, Plaintiff, CRP LMC PROP CO., L.L.C., demands the following relief:

(A) That the Court order the Clerk of Court to issue a warrant of arrest *in rem* for M/Y *KOPKAPY* and direct the U.S. Marshals Service to serve the warrant to effect the Vessel's arrest;

(B) That the Court direct the manner in which LMC shall give notice of this action to the owner, master, ranking officer and/or manager of the *in rem* Defendant Vessel, and to any persons, firms or corporations having an interest therein;

(C) That the Court order all persons claiming any interest in the Vessel to appear and answer the matters aforesaid;

(D) That the Court declare CRP LMC PROP CO., L.L.C. has a preferred maritime lien for *necessaries* against the Vessel and that it is a valid and subsisting lien upon the Vessel;

(E) That the Court declare CRP LMC PROP CO., L.L.C.'s preferred maritime *necessaries* lien is superior in interest to all other liens, claims or interests that may be asserted against the Vessel in this suit;

(F)     That the Court decree all persons, firms and corporations claiming any interest in the Vessel who fail to intervene in this suit to assert their *in rem* claims are forever barred and foreclosed of all right or equity redemption, or claim of, in, or to said Vessel;

(G)     That the Court enter judgment in favor of "CRP LMC PROP CO, L.L.C." against M/Y *KOPKAPY* for the outstanding debt owed for the *necessaries* described herein plus pre-judgment interest at the rate of 18% per year, and court costs, including the *custodia legis* expenses;

(H)     That the Court condemn M/Y *KOPKAPY* and order it sold at auction by the United States Marshal to pay the *in rem* judgment awarded to CRP LMC PROP CO., L.L.C.;

(I)     That the Court allow CRP LMC PROP CO., L.L.C. to credit bid up to the amount of its judgment at the U.S. Marshal's sale of the Vessel;

(J)     That the Court decree that CRP LMC PROP CO., L.L.C.'S credit bidding authority is superior to any other credit bidding authority that might be granted to other judgment creditors because it holds a superior maritime lien;

(K)     That the Court reserve jurisdiction to award CRP LMC PROP CO., L.L.C a deficiency and/or supplemental judgment against Te Emo Marine, Ltd. as necessary to compensate for Plaintiff's losses; and,

(L)     For the Court to award CRP LMC PROP CO., L.L.C. such other and further relief as the Honorable Court deems just and proper.

## COUNT II
## LMC'S CLAIM FOR BREACH OF MARITIME CONTRACT SUPPORTING A SUPPLEMENTAL ADMIRALTY RULE B ATTACHMENT OF M/Y *KOPKAPY*

34.     LMC re-alleges the facts in paragraphs 1 through 27 as if fully set forth herein.

35. According to the Florida Secretary of State, Division of Corporations, Te Emo Marine, Ltd. is not authorized to transact business in the State of Florida.

36. Te Emo Marine did not appoint a registered agent to receive service of process in the Southern District of Florida.

37. The public records do not indicate that Te Emo Marine has an officer, managing or general agent in the Southern District of Florida to receive service of process.

38. Te Emo Marine "cannot be found within the Southern District of Florida" in accordance with Supplemental Admiralty Rule B and Southern District of Florida Local Admiralty Rule B.

39. LMC invokes Supplemental Admiralty Rule B to attach M/Y *KOPKAPY* to obtain *quasi in rem* jurisdiction over Te Emo Marine for purposes of litigating the *in personam* claim for breach of maritime contract.

40. Te Emo Marine breached the terms of the Boat Handling, Dockage & Storage Agreement by failing to timely pay for the services and supplies LMC provided to the Vessel. See ¶ 21 of Exhibit "A"; and the invoices attached hereto as Composite Exhibit "B".

41. As a direct and proximate result of Te Emo Marine's breach of the Agreement, LMC sustained damages of $52,570.02 through November 30, 2019.

42. Under the terms of the Agreement, LMC is entitled to recover attorneys' fees and court costs, including *custodia legis* expenses (e.g. U.S. Marshal's fees/expenses and the substitute custodian's fees and expenses).  See ¶¶ 28 and 29 of Exhibit "A".

43. LMC is also entitled to recover pre-judgment interest at the rate of 18% per year under the terms of the Agreement.  See ¶ 28 of Exhibit "A".

WHEREFORE, Plaintiff, CRP LMC PROP CO, L.L.C., demands the following relief:

(A) That the Court decree that Te Emo Marine, Ltd. cannot be found within the Southern District of Florida pursuant to Supplemental Admiralty Rule B and declare that CRP LMC PROP CO., L.L.C. may attach the M/Y *KOPKAPY* to obtain *quasi in rem* jurisdiction over Te Emo Marine for the maritime contract claim;

(B) That the Court order the Clerk of Court to issue a process of maritime attachment and garnishment for M/Y *KOPKAPY* and instruct the U.S. Marshals Service to serve the process of maritime attachment and garnishment on the Vessel to effect *quasi in rem* jurisdiction over Te Emo Marine for the maritime contract claim;

(C) That the Court direct the manner in which LMC shall give notice of this action to the owner, master, ranking officer and/or manager of the *in rem* Defendant Vessel, and to any persons, firms or corporations having an interest therein;

(D) That the Court order all persons claiming any interest in the Vessel to appear and answer the matters aforesaid;

(E) That the Court decree all persons, firms and corporations claiming any interest in the Vessel who fail to intervene in this suit to assert their *in rem* claims are forever barred and foreclosed of all right or equity redemption, or claim of, in, or to said Vessel;

(F) That the Court enter judgment in favor of CRP LMC PROP CO, L.L.C. and award it compensatory damages, pre-judgment interest, attorneys' fees and court costs, including *custodia legis* expenses, against Te Emo Marine, Ltd.;

(G) That the Court condemn M/Y *KOPKAPY* and order it sold at auction by the United States Marshal to pay the *in personam* judgment awarded to CRP LMC PROP CO,

L.L.C.;

(H) That the Court allow CRP LMC PROP CO., L.L.C. to credit bid up to the amount of its *in personam* judgment at the U.S. Marshal's sale of the Vessel;

(I) That the Court decree that CRP LMC PROP CO., L.L.C.'s credit bidding authority is superior to any other credit bidding authority that might be granted to other judgment creditors because it holds a superior maritime interest in the Vessel;

(J) That the Court reserve jurisdiction to award CRP LMC PROP CO., L.L.C a deficiency and/or supplemental judgment against Te Emo Marine, Ltd. as necessary to compensate for its losses; and,

(K) For the Court to award CRP LMC PROP CO., L.L.C., such other and further relief as the Honorable Court deems just and proper.

Dated:   November 21, 2019.

                                          Respectfully submitted,

                                          STROUP & MARTIN, P.A.
                                          Attorneys for Plaintiff
                                          119 Southeast 12th Street
                                          Fort Lauderdale, Florida 33316
                                          Telephone:  (954) 462-8808
                                          Facsimile:  (954) 462-0278
                                          E-mail:  jstroup@strouplaw.com
                                          E-mail:  fmartin@strouplaw.com


                                          By: */s/ James W. Stroup*
                                              JAMES W. STROUP
                                              Florida Bar No. 0842117
                                            FARRIS J. MARTIN, III
                                            Florida Bar No. 0879916

## VERIFICATION

DOUG WEST, states under oath:

1. My name is DOUG WEST, I am over twenty-one (21) years old and am the Manager of CRP LMC PROP CO. L.L.C. d/b/a Lauderdale Marine Center.

2. I read the foregoing Verified Complaint and know the contents thereof. The factual allegations are true to the best of my own knowledge and belief. In addition, the documents in Exhibit "A" and Composite Exhibit "B" are true and correct copies of the original documents and records maintained by the Company.

3. The sources of my information and the grounds for my belief as to all matters stated in the Verified Complaint are based upon my personal knowledge, my review of the Company's records or interviews of LMC's employees that have knowledge of the services and supplies provided to the Vessel and the invoices submitted to the Owner's representative.

Pursuant to Title 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2019.

By: _____
DOUG WEST, as Authorized Signatory of
CRP LMC PROP CO. LLC d/b/a Lauderdale
Marine Center